IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRAD J. MULLENIX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12-2032-KHV-GLR |
| ) | |
| UNIVERSITY OF KANSAS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

The Court has under consideration two letters (ECF Nos. 9 and 10). The Court construes them as Motions to Compel Discovery and for Appointment of Counsel. For the reasons set out below, the Court denies both motions.

## I.     Relevant Factual Background

Plaintiff *pro se* commenced this action in January 2012 by filing a civil complaint and paying the filing fee of $350.00. His complaint alleges that his employer, the University of Kansas, has harassed and retaliated against him for pursuing prior harassment allegations. His claims appear to arise under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. In March 2012, the Court received the two letters now before it. Liberally construed, they essentially ask for appointment of counsel and to compel discovery.

## II.     Proper Motion Practice

Neither the Federal Rules of Civil Procedure nor the local rules of the District of Kansas contemplate or authorize parties to make requests through a letter to the Court. To the contrary, matters are properly brought before the Court through motions and other formal filings captioned

with the names of the parties and case number.[1]  Rule 5(a) of the Federal Rules of Civil Procedure requires that written motions and other formal filings be served on every other party who have entered an appearance.  Rule 5(d) requires the filing party to file a certificate of service for every "paper after the complaint that is required to be served."  Rule 11 requires all written filings to be signed and to "state the signer's address, e-mail address, and telephone number."[2]  Rule 5.1 of the Rules of Practice and Procedure for the District of Kansas (local rules) provides requirements for the form of pleadings and papers, including specific contents for a certificate of service.  Rule 7.1 of the local rules provides specific requirements for motions, including the filing of a brief or memorandum for most motions, stating the facts and any citations of law to support the motion.  Rule 7.3 of the local rules requires parties seeking reconsideration of an order or decision to file a written motion.  For the benefit of the *pro se* plaintiff, the Court is attaching to this Memorandum and Order sample forms to aid in the preparation and filing of a motion and supporting memorandum.[3]

---

[1] For an example, see the caption at the top of page one of this Memorandum and Order.  *See also* Form 1 of Appendix of Forms annexed to Federal Rules of Civil Procedure (referred to in Fed. R. Civ. P. 84).

[2] See Form 2 of Appendix of Forms for a signature-block example.

[3] The attached sample forms set out generic requirements for motions and supporting memoranda.  Special rules apply to certain types of motions.  *See*, *e.g.*, D. Kan. Rule 6.1(a) (motions for extension of time), 6.1(b) (motions for continuance), 6.1(c) (joint or unopposed motions), 7.1(b) (joint or unopposed motions); 15.1 (motions to amend and for leave to file); 37.1 (motions relating to discovery); 37.2 (motions concerning discovery disputes); 56.1 (motions for summary judgment).  Parties are expected to understand and follow the governing rules of procedure.  The Court's web site (discussed in more detail in footnote 6) also contains a standard motion for appointment of counsel in the "Court Appointed/Self Representation Forms" section of the "Forms" section.

The Court liberally construes filings of *pro se* parties.[4] But all parties, even those proceeding without counsel, are obligated to comply with the procedural rules governing the action.[5] Although the Court has construed Plaintiff's letters as motions to compel and for appointment of counsel and will consider them briefly despite their procedural shortcomings, Plaintiff should become familiar with and comply with the governing procedural rules set out in the Federal Rules of Civil Procedure and the local "Rules of Practice of the United States District Court for the District of Kansas." Future non-compliance with procedural rules may result in summary denial of a filing.[6]

### A. Motions for Appointment of Counsel

In general, there is no constitutional right to appointment of counsel in a civil case.[7] For

---

[4]*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

[5]*Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[6]This Court's internet site – http://www.ksd.uscourts.gov/ – contains several resources for *pro se* litigants under the tab "self representation:" (1) the "Resource Materials" and "Find a Lawyer" sections explain what it means to proceed *pro se*, provide guidance for finding an attorney, and provide links to numerous resource materials, including "Filing Your Lawsuit in Federal Court: A *Pro Se* Guide"; (2) the "Rules" section provides the General Practice Guidelines applicable in the District of Kansas, Chambers Standing Orders, Guidelines, and Instructions for various judges, CM/ECF procedures, and links to other information, including the District of Kansas local rules and various federal rules; (3) the "Forms" section provides links to various forms that may be helpful to a *pro se* litigant; and (4) the "Glossary of Legal Terms" links to a glossary on www.uscourts.gov. The *Pro Se* Guide mentioned above identifies libraries where a party may do legal research and find a copy of the Federal Rules of Civil Procedure and other legal sources. It also identifies several agencies that may assist a *pro se* litigant. A copy of the local rules is available from the Clerk's Office upon request by a *pro se* litigant. Copies of various federal rules are also available at http://www.uscourts.gov/RulesAndPolicies/FederalRulemaking/RulesAndForms.aspx

[7]*See Nelson v. Boeing Co.*, 446 F.3d 1118, 1120-22 (10th Cir. 2006) (noting that "the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases" and declining to recognize a right to counsel in a Title VII context); *Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) ("There is no constitutional right to counsel in either a Title VII case or other civil case."); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992) (holding that there is no constitutional right to counsel in Title

some types of cases, however, Congress has provided statutory authority to appoint counsel. For actions brought under Title VII, 42 U.S.C. § 2000e-5(f)(1) – provides discretionary authority for appointing counsel "in such circumstances as the court may deem just."[8] This statute provides no statutory right to counsel – it is merely a "a statutory right to **request** appointed counsel at court expense."[9]

The Court has "extremely broad" discretion to appoint counsel under § 2000e-5(f)(1).[10] To guide the court's discretion, the Tenth Circuit has identified factors that courts consider when evaluating a motion for appointment of counsel.[11] Appointment of counsel is only appropriate under § 2000e-5(f)(1) after the plaintiff has affirmatively shown "(1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination."[12] In close cases, the Court should also consider whether the plaintiff has the "capacity to present the case without counsel.[13]

When considering appointment of counsel, the Court remains mindful that Congress has

---

VII case); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) ("There is no constitutional right to appointed counsel in a civil case.").

[8] While this discretion is "extremely broad," as discussed in more detail later, long-standing Tenth Circuit precedent makes the financial ability to pay for counsel and other factors "relevant to the inquiry whether to appoint counsel." *See Castner*, 979 F.2d at 1420-21.

[9] *See Nelson* 446 F.3d at 1120-22 (emphasis added).

[10] *Castner,* 979 F.2d at 1420.

[11] *See id.* at 1420-21.

[12] *Id.* at 1421.

[13] *Id.*

4

provided no mechanism for compensating appointed attorneys.[14] "Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste precious resource and may discourage attorneys from donating their time."[15] Finally, the Court notes that it has a limited pool of volunteer attorneys from whom it may appoint counsel.

Plaintiff commenced this suit by paying the filing fee. He has provided nothing to indicate that he is financially unable to afford an attorney. An inability to afford counsel is a relevant consideration with respect to appointing counsel under § 2000e-5(f)(1). The pertinent inquiry is whether the party seeking appointment can "meet his or her daily expenses" while also hiring an attorney.[16] Without adequate financial information from Plaintiff, the Court must find that he has not carried his burden to show a financial inability to afford counsel. Plaintiff has also not adequately shown that he has made sufficient efforts to retain an attorney on his own.

To warrant appointment of counsel, Plaintiff must affirmatively show that he asserts meritorious claims. But he makes no attempt to demonstrate the merits of his claims in his motions for appointment. Consequently, the Court is left to consider his complaint. But his complaint standing alone provides an insufficient basis to find that this action has sufficient merit to warrant appointment of counsel. Although he has filed a charge of discrimination and received a right to sue letter, his right to sue letter only shows that "[t]he EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge." When considering the merits

---

[14]*Id.*

[15]*Id.*

[16]*Castner*, 979 F.2d at 1422.

5

of Title VII claims, an administrative finding is a "highly probative" factor.[17] But Plaintiff has provided no administrative findings. Although the Court may not give preclusive effect to administrative findings that are adverse to the plaintiff,[18] parties seeking appointment of counsel generally cannot carry their burden to affirmatively show meritorious claims of discrimination when they fail to provide "highly probative" information for consideration.

For all the foregoing reasons the Court finds no adequate basis for appointment of an attorney.

### B. Motions to Compel

The Court has also construed Plaintiff's letters as seeking to compel discovery. Plaintiff contends that he has "filed 3 different KHRC complaints over a 4 year period and [he] requested copies of all the investigations and court proceedings", but the KHRC will not release the documents. Plaintiff, however, has not complied with D. Kan. Rules 37.1 and 37.2. Nor does it appear that he has pursued formal discovery under the Federal Rules of Civil Procedure.[19] In some cases, the Court has ordered the KHRC to produce for inspection and copying records pertaining to a specific KHRC complaint. But Plaintiff has not identified any specific KHRC complaint nor filed a proper motion to obtain KHRC records. For these reasons, the Court denies the motions to compel. The Court can address any need for the KHRC files through a later motion, if necessary.

---

[17]*Castner*, 979 F.2d at 1422.

[18]*Id.*

[19]Rules 26 through 37 of the Federal Rules of Civil Procedure govern formal discovery in federal civil actions. In addition, Fed. R. Civ. P. 45 provides a means to obtain discovery from a non-party.

### III.    Conclusion

For the foregoing reasons, the Court denies the requests by Plaintiff, construed as Motions to Compel and for Appointment of Counsel (ECF Nos. 9 and 10).

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 1st day of May, 2012.

S/Gerald L. Rushfelt  
Gerald L. Rushfelt  
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRAD J. MULLENIX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 12-2032-KHV-GLR |
| | ) |
| UNIVERSITY OF KANSAS, | ) |
| | ) |
| Defendant. | ) |

**MOTION <insert name of motion, i.e. FOR APPOINTMENT, TO COMPEL, etc.>**

Pursuant to <insert rule or other authority for motion>, <insert moving party, i.e., Plaintiff or Defendant> asks the Court <insert what the moving party wants>.

<In accordance with Fed. R. Civ. P. 7(b), state with particularity the grounds for the motion, including the specific relief sought>.

<Include a concluding paragraph to restate exactly what relief the moving party wants and, if necessary, to state that a memorandum or brief in support is filed simultaneously>.

<Date and sign – See Form 2>

**CERTIFICATE OF SERVICE**

I hereby certify that on <insert date>, I served <insert what was served> upon the following persons by <insert how served, i.e., mail, hand delivery, etc.>:

<insert the name and address of each attorney or party served>

<identify the capacity in which such person was served, i.e., as attorney for plaintiff or defendant)>

<Date and sign – See Form 2>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRAD J. MULLENIX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 12-2032-KHV-GLR |
| | ) |
| UNIVERSITY OF KANSAS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF <insert name of motion>**

Pursuant to <insert rule or other authority for motion>, <insert moving party, i.e., Plaintiff or Defendant> asks the Court <insert what the moving party wants>.

<Insert contents required by D. Kan. Rule 7.6(a): (1) a statement of the nature of the matter before the court; (2) a concise statement of the facts, with each statement of fact supported by reference to the record; (3) a statement of the question or questions presented; and (4) the legal argument, which must refer to all statutes, rules, and authorities relied upon>.

<Include a concluding paragraph to restate exactly what the moving party wants>.

<Date and sign – See Form 2>

**CERTIFICATE OF SERVICE**

I hereby certify that on <insert date>, I served <insert what was served> upon the following persons by <insert how served, i.e., mail, hand delivery, etc.>:

<insert the name and address of each attorney or party served>

<identify the capacity in which such person was served, i.e., as attorney for plaintiff or defendant)>

<Date and sign – See Form 2>